O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICKEN O. BERJIKIAN and ENNA BERJIKIAN,<br><br>        Plaintiffs,<br><br>    v.<br><br>FRANCHISE TAX BOARD; DEPARTMENT OF MOTOR VEHICLES; BOARD OF PHARMACY,<br><br>        Defendants. | Case No. CV 13-06301 DDP (JCGx)<br><br>**ORDER DENYING PLAINTIFFS' EX PARTE APPLICATION FOR A TEMPORARY RESTRAINING ORDER** |

    Presently before the court is Plaintiffs' Ex Parte Application for a Temporary Restraining Order.  Having considered Plaintiffs' application and the exhibits in support thereof, the court denies the motion.

**I.  Background**

    Plaintiffs Vicken and Enna Berjikian are listed on the California Franchise Tax Board's list of 500 largest state income tax delinquencies.  (Ex Parte Application for Temporary Restraining Order ("App.") at 4-5).  Plaintiffs have been delinquent since "the early 1990s," and may owe "about $450,000."  (App. at 5.)  Under California Business and Professions Code Section 494.5, certain

state licensing entities must suspend the licenses of individuals appearing on the delinquency list. Cal. Bus. & Profs. Code § 494.5. Plaintiff Enna Berjickian is a state-licensed pharmacist, and both Plaintiffs have California driver licenses.[1]

On May 23, 2013, the California Department of Motor Vehicles sent each Plaintiff a Notice of Intent to Suspend driver license. (App. Exs. A, B.) The notices state that Plaintiffs' driver licenses will be suspended as of September 20, 2013. At some unspecified date, Plaintiff Enna Berjikian received a "90 Day Notice of Intent to Suspend License" from the California Department of Consumer Affairs, informing Plaintiff that her pharmacist's license will be suspended as of August 30, 2013. (App. Ex. B).[2]

On August 28, 2013, Plaintiffs filed a Complaint against the state agencies alleging that Section 494.5 is preempted by federal law and is unconstitutional. On August 30, 2013, Plaintiffs, represented by counsel, filed the instant application for a Temporary Restraining Order ("TRO"), seeking to enjoin the state agencies from suspending Plaintiffs' licenses.

**II. Legal Standard**

A temporary restraining order is meant to be used only in extraordinary circumstances. To establish entitlement to a TRO, the requesting party must show (1) that she is likely to succeed on

---

[1] Plaintiff Vicken Berjickian is a licensed attorney. Section 494.5 states that the State Bar of California "may" suspend a delinquent licensee, while other entities "shall" suspend licensees. Cal. Bus. & Profs. Code § 194.5(a)(3).

[2] Though the Declaration of Enna Berjikian refers to her DMV and Consumer affairs letters as Exhibits C and D, there are no such exhibits in the record before the court. The exhibits submitted to the court are not sequentially labeled, and skip from Exhibit B to Exhibit F.

2

the merits, (2) that she is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in her favor, and (4) that an injunction is in the public interest. Winter v. Natural Res. Defense Counsel, 555 U.S. 7, 20 (2008). A TRO may be warranted where a party (1) shows a combination of probable success on the merits and the possibility of irreparable harm, or (2) raises serious questions and the balance of hardships tips in favor of a TRO. See Arcamuzi v. Continental Air Lines, Inc., 819 F.2d 935, 937 (9th Cir. 1987). "These two formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases." Id. Under both formulations, however, the party must demonstrate a "fair chance of success on the merits" and a "significant threat of irreparable injury."[3] Id.

**III. Discussion**

As an initial matter, Plaintiffs' one-page recitation of the relevant factors and conclusory assertions that each of the factors is met is insufficient to satisfy their burden. Furthermore, the court is particularly unpersuaded that Plaintiffs have established, or could establish, a possibility of irreparable harm. In analyzing this factor, courts should take into account whether a movant "proceeded as quickly as it could have" in seeking a TRO. See Apple, Inc. v. Samsung Electronics Co., Ltd., 678 F.3d 1314, 1325 (Fed. Cir. 2012) (analyzing a preliminary injunction). At the

---

[3] Even under the "serious interests" sliding scale test, a plaintiff must satisfy the four Winter factors and demonstrate "that there is a likelihood of irreparable injury and that the injunction is in the public interest." Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1135 (9th Cir. 2011).

3

TRO stage, courts consider whether the movant would have been able to file a noticed preliminary injunction motion had it acted diligently. See, e.g., Occupy Sacramento v. City of Sacramento, 2:11-CV-02873-MCE, 2011 WL 5374748, at *4 (E.D. Cal. Nov.4, 2011) (denying application for TRO for twenty-five day delay); Mammoth Specialty Lodging, LLC v. We-Ka-Jassa Inv. Fund, LLC, CIVS10-0864 LKK/JFM, 2010 WL 1539811, at *2 (E.D. Cal. Apr. 16, 2010).; Rosal v. First Fed. Bank of California, No. C 09-1276 PJH, 2009 WL 837570, at *2 (N.D. Cal. Mar. 26, 2009).

    Here, Plaintiffs have been on notice of the licensing authorities' intentions for at least three months.  Indeed, in the case of the drivers' license suspensions, Plaintiffs received notice of the DMV's intent almost four months before the threatened sanction, which will not take effect for another twenty one days. While the Department of Consumer Affairs sanction may soon take effect, Plaintiffs provide no explanation why they waited until the eleventh hour to seek ex parte relief.  See Mission Power Eng'g Co. v. Cont'l Cas. Co., 883 F.Supp. 488, 492 (C.D. Cal. 1995). Plaintiffs' undue delay undermines their assertion of pending irreparable harm.

**IV. Conclusion**

    For the reasons stated above, Plaintiffs' Ex Parte Application for a TRO is DENIED.

**IT IS SO ORDERED.**

Dated: August 30, 2013

                                  DEAN D. PREGERSON
                                  United States District Judge