UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENNA BERJIKIAN and ENNA BERJIKIAN,<br><br>           Plaintiff,<br><br>   v.<br><br>FRANCHISE TAX BOARD; DEPARTMENT OF MOTOR VEHICLES; BOARD OF PHARMACY; and DOES 1-50,<br><br>           Defendants. | Case No. CV 13-06301 DDP (JCGx)<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS IN PART AND DENYING DEFENDANTS' MOTION IN PART**<br><br>[Dkt. No. 15] |

    Presently before the court is a Motion to Dismiss filed by Defendants Franchise Tax Board ("FTB"), Department of Motor Vehicles ("DMV"), and Board of Pharmacy ("Board").  Having considered the submissions of the parties, the court grants the motion in part, denies in part, and adopts the following order.

**I.  Background**

    Plaintiffs Enna and Vicken Berjikian, a married couple, are listed on the California Franchise Tax Board's "delinquents list" of 500 largest state income tax delinquents.  (Compl. ¶¶ 5, 7.) FTB publishes the list twice per year pursuant Cal. Rev. & Tax.

Code § 19195. (Compl. ¶ 5.) Plaintiffs have been delinquent since the early 1990's, and presently owe about $450,000. (Compl. ¶ 8.) The Internal Revenue Service also has a tax lien against Plaintiffs in excess of $1,000,000. (Compl. ¶ 17.)

On August 28, 2013, Plaintiffs filed their Complaint in this court challenging the constitutionality of Cal. Bus. & Prof. Code § 494.5 ("Section 494.5"). Section 494.5 directs state government licensing entities to "suspend a license if a licensee's name is included on a certified list."[1] Cal. Bus. & Prof. Code § 494.5(a)(1). In September 2013, the DMV suspended Plaintiffs' driver's licenses pursuant to Section 494.5. (Compl. ¶ 8.) In August 2013, the Board suspended Plaintiff Enna Berjikian's pharmacist license, and presently the State Bar of California is debating whether or not to suspend Plaintiffs' licenses to practice law. (Compl. ¶ 8.)

The Complaint alleges three causes of action: (1) violation of due process under the U.S. Constitution; (2) violation of the Supremacy Clause; and (3) violation of equal protection under the U.S. Constitution. Defendants now move to dismiss for lack of subject matter jurisdiction and failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(1) and 12 (b)(6).

**II. Legal Standard**

Federal courts are courts of limited jurisdiction. <u>Kokkonen v. Guardian Life Ins. Co. of Am.</u>, 511 U.S. 375, 377 (1994).

---

[1] "Certified list" means either the list provided by the State Board of Equalization or the list provided by the Franchise Tax Board of persons whose names appear on the lists of the 500 largest tax delinquencies pursuant to Section 7063 or 19195 of the Revenue and Taxation Code, as applicable. Cal. Bus. & Prof. Code § 494.5 (b)(1).

2

1  "District courts shall have original jurisdiction of all civil
2  actions arising under the Constitution, laws, or treaties of the
3  United States."  28 U.S.C. § 1331.  Dismissal for lack of subject
4  matter jurisdiction is governed by Fed. R. Civ. P. 12(b)(1).  A
5  Rule 12(b)(1) dismissal is appropriate when the complaint or
6  extrinsic evidence fails to establish the court's subject matter
7  jurisdiction over the action.  <u>Roberts v. Corrothers</u>, 812 F.2d
8  1173, 1177 (9th Cir. 1987).  A plaintiff always bears the burden of
9  establishing subject matter jurisdiction, and the court presumes a
10 lack of jurisdiction until the plaintiff proves otherwise.  <u>Stock
11 W. Inc. v. Confederated Tribes of the Colville Reservation</u>, 873
12 F.2d 1221, 1225 (9th Cir. 1989).

13     A complaint will survive a motion to dismiss when it contains
14 "sufficient factual matter, accepted as true, to state a claim to
15 relief that is plausible on its face." <u>Ashcroft v. Iqbal</u>, 556 U.S.
16 662, 678 (2009) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544,
17 570 (2007)).  When considering a Rule 12(b)(6) motion, a court must
18 "accept as true all allegations of material fact and must construe
19 those facts in the light most favorable to the plaintiff." <u>Resnick
20 v. Hayes</u>, 213 F.3d 443, 447 (9th Cir. 2000).  Although a complaint
21 need not include "detailed factual allegations," it must offer
22 "more than an unadorned, the-defendant-unlawfully-harmed-me
23 accusation."  <u>Iqbal</u>, 556 U.S. at 678.  Conclusory allegations or
24 allegations that are no more than a statement of a legal conclusion
25 "are not entitled to the assumption of truth."  <u>Id.</u> at 679.  In
26 other words, a pleading that merely offers "labels and
27 conclusions," a "formulaic recitation of the elements," or "naked
28 assertions" will not be sufficient to state a claim upon which

3

relief can be granted.  Id. at 678 (citations and internal quotation marks omitted).

"When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement of relief." Id. at 679. Plaintiffs must allege "plausible grounds to infer" that their claims rise "above the speculative level." Twombly, 550 U.S. at 555. "Determining whether a complaint states a plausible claim for relief" is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

**III. Discussion**

    **A.  Jurisdiction and the Tax Injunction Act**

Defendants argue that this case is barred by the Tax Injunction Act ("TIA"), 28 U.S.C. § 1341.  The TIA states that "district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State."  28 U.S.C. § 1341.  The Supreme Court has "interpreted and applied the TIA only in cases Congress wrote the Act to address, i.e., cases in which state taxpayer seeks federal-court orders enabling them to avoid paying state taxes." Hibbs v. Winn, 542 U.S. 88, 107-108 (2004).  The dispositive question in determining whether the TIA's jurisdictional bar applies is whether the plaintiff's action, if successful, would reduce the flow of state tax revenue. Qwest Corp. v. City of Surprise, 434 F.3d 1176, 1184 (9th Cir. 2006).

Defendants allege that the TIA bars jurisdiction because Plaintiffs "seek to enjoin the collection of a tax within the meaning of the TIA." (Mot. at 6.) Defendants point to Sears, Roebuck & Co. v. Roddewig, 24 F.Supp. 321 (S.D. Iowa 1938) for support. In Sears, the court found itself without jurisdiction to consider a challenge to a revocation of business permits stemming from unpaid taxes. Sears, 24 F.Supp. at 324-25. Crucially, however, the plaintiff in Sears challenged the state's authority to collect the tax in question in the first instance. Id. at 324. Here, in contrast, Plaintiffs assert that they do not seek relief from their taxes or a stay of the State's collection of taxes. (Opp. at 6.) Rather, Plaintiffs contest the constitutionality of Section 494.5 and seek an injunction against suspension of their driver's licenses and pharmacy license, without challenging the validity of the underlying tax assessments. (Opp. at 4-6, 9.) Indeed, at least one court in this circuit appears to have considered, and rejected, Defendants' argument in a case strikingly similar to this one, but cited by neither party here. See Pickell v. Sands, No. 2:12-cv-0373, 2012 WL 6047286, at *5-6 (E.D. Cal. 2012); see also Wells v. Malloy, 510 F.2d 74, 76-77 (2nd Cir. 1975)(the TIA's use of the word "collection" does not apply to indirect methods of securing payment, like the suspension of a driver's license). This court therefore proceeds to the merits of Plaintiffs' claims.[2]

---

[2] While Defendants make a brief reference to Younger abstention, they do not adequately address whether or why the relevant factors apply here. See Meredith v. Oregon, 321 F.3d 807, 816-17 (9th Cir. 2003)(explaining factors).

**B.  Due Process**

To state a claim for violation of procedural Due Process, plaintiff must allege: (1) a deprivation of a constitutionally protected liberty or property interest, and (2) a denial of adequate procedural protections. Kildare v. Saenz, 325 F.3d 1078, 1085 (9th Cir. 2003).

Plaintiff's Complaint alleges that their driver's licenses and pharmacist license have been suspended without the opportunity for a hearing or judicial review. (Compl. ¶ 12.) Plaintiffs allege that they were only entitled to a hearing before the FTB regarding tax liability prior to the final judgment on tax delinquency. (Compl. ¶ 13.) While the complaint is somewhat unclear, it appears that the tax delinquencies at issue here became final judgments long ago, and long before Plaintiffs' received notices of suspension of licenses from the FTB and DMV pursuant to Section 494.5.  Defendants argue that the Plaintiffs' due process rights were not violated because Plaintiffs had the right to protest their tax assessments. (Mot. at 10.)  Thus, Defendants argue, this case is similar to that addressed by the Eighth Circuit in Crum v. Vincent, 493 F.3d 988 (8th Cir. 2007).  In Crum, the state suspended a physician's license because he had not filed state income tax returns for the prior three years and had a tax deficiency. Crum, 493 F.3d at 992.  The court held that the suspension did not violate the plaintiff's due process rights because he could have requested a hearing to challenge the underlying tax assessment. Id. at 993.

6

1    Here, however, unlike the plaintiff in Crum, Plaintiffs had no
2 opportunity to request a hearing after receiving notices of
3 suspension because their delinquencies had become final judgments
4 years earlier.  Defendants do not explain how an opportunity to be
5 heard in the 1990s satisfies Plaintiffs' due process rights
6 regarding deprivations of property first noticed nearly twenty
7 years later.  See Pickell, 2012 WL 6047286, at *7.[3]

**C.   Equal Protection**

   Under the Constitution of the United States, "no state shall . . . deny to any person within its jurisdiction the equal protection of the laws."  U.S. Const. amend. XIV, § 1.  "Under traditional equal protection principles, distinctions need only be drawn in such a manner as to bear some rational relationship to a legitimate state end."  Clements v. Fashing, 457 U.S. 957, 963 (1982).  "On rational-basis review . . .[,] those attacking the rationality of the legislative classification have the burden to negative every conceivable basis which might support it."  FCC v. Beach Comm'n, Inc., 508 U.S. 307, 314-15 (1993)(internal quotation and citation omitted).

   Plaintiffs' argument that the members of the FTB's top 500 tax delinquents list constitute a suspect class lacks merit.  Contrary to Plaintiffs' suggestion, the taxpayers on the list are not

---

[3] This is not to suggest that a hearing before the FTB, rather than the Board or DMV, is necessarily inadequate.  As the Crum court explained, "[s]o long as one hearing will provide the affected individual with a meaningful opportunity to be heard, due process does not require two hearings on the same issue."  Crum, 493 F.3d at 993.

7

selected arbitrarily or on the basis of gender, national origin, or any other suspect classification. Section 494.5 bears a rational relationship to a legitimate state purpose: the collection of outstanding taxes. Plaintiffs' equal protection claim is dismissed with prejudice.

### D. Supremacy Clause

Pursuant the Supremacy Clause, a state statute is void to the extent that it actually conflicts with a valid federal statute. Edgar v. MITE Corp., 457 U.S. 624, 631 (1982). The court agrees with Defendants that Section 494.5's listing of California's top 500 tax delinquents does not impede the federal government's ability to collect federal income taxes. Plaintiffs appear to concede as much, and do not address their Supremacy Clause claim. The claim is dismissed with prejudice.

## IV. Conclusion

For the reasons stated above, Defendants' Motion is GRANTED, in part, and DENIED, in part, without prejudice. Plaintiffs' second and third causes of action are DISMISSED, with prejudice.

IT IS SO ORDERED.

Dated: February 20, 2014

Hon. DEAN D. PREGERSON

United States District Judge

8